

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin Jr., Esq.<br>Michael J. Naporano, Esq.<br>Kelly D. Curtin, Esq.<br>Rachel A. Parisi, Esq.<br>wjmartin@pbnlaw.com<br>mjnaporano@pbnlaw.com<br>kdcurtin@pbnlaw.com<br>raparisi@pbnlaw.com<br>*Proposed Counsel to Debtors* | Order Filed on January 14, 2016 by Clerk, U.S. Bankruptcy Court - District of New Jersey |
| In Re:<br><br>E Z MAILING SERVICES INC., *et al.*,[1]<br><br>        Debtors. | Case No.: 16-10615<br><br>(Joint Administration Pending)<br><br>Chapter: 11<br><br>Hearing Date and Time:<br><br>Judge: |

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

The relief set forth on the following pages, numbered two (2) through eight (8), is

hereby **ORDERED**.

**DATED: January 14, 2016**

                                    */s/ Stacey L. Meisel*
                               Honorable Stacey L. Meisel
                               United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases (joint administration pending) are (i) E Z Mailing Services, Inc. d/b/a E Z Worldwide Express and United Business Xpress, and (ii) United Business Freight Forwarders Limited Liability Company.

3260159

Page: 2
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

**THIS MATTER** having been opened by the above-captioned debtors-in-possession, E Z Mailing Services Inc., *et al*. (the "Debtors"), upon their Motion[2] for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001 and 11 U.S.C. §§ 361 and 363 of the Bankruptcy Code; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief granted herein is in the best interests of the Debtors estates, creditors, and employees; (iv) adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby found:

A.    Notice and Hearing. Notice of the Motion and order shortening time pursuant to D.N.J. LBR 9013-5(f) and Rule 9006(c) of the Bankruptcy Rules for the preliminary hearing on the Debtors' use of cash collateral has been served in accordance with section 102(1) of the Bankruptcy Code and Rule 4001(b) of the Bankruptcy Rules, which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.    Chapter 11 Filed. The Debtors each filed their petition under chapter 11 of the Bankruptcy Code on January 13, 2016 (the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the memorandum of law filed in support of the Motion.

3260159

Page: 3
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUate PROTECTION AND SETTING A FINAL HEARING

---

C. <u>Prepetition Debt.</u>  PNC Bank, National Association (the "<u>Cash Collateral Secured Creditor</u>") has asserted a secured claim against the Debtors in the approximate principal amount of $2,000,000.00 (the "<u>Pre-Petition Debt</u>") as of the Petition Date. PNC Equipment Finance, LLC ("<u>PNC Equipment Finance</u>") has asserted a secured claim against the Debtors in the approximate amount of $2.25 million.

D. <u>Pre-Petition Collateral.</u>  The Cash Collateral Secured Creditor was granted a security interest in substantially all of the Debtors' assets as described more particularly in the Motion. PNC Equipment Finance claims a security interest in certain vehicles and equipment, but not in the Debtors' receivables.

E. <u>Cash Collateral.</u> "Cash Collateral" as defined by section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) and as the term "proceeds" is described in UCC section 9-306. The Debtors' receivables represent cash collateral as defined in section 363(a) of the Bankruptcy Code.

F. <u>Necessity and Best Interest.</u>  The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate their businesses in chapter 11.  The Debtors require immediate authority to use cash collateral as defined herein in order to continue their business operations without interruption toward the objective of formulating an effective plan of reorganization.  The Debtors use of cash collateral to the extent and on the terms and conditions

Page: 4
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a continued hearing on the interim use of cash collateral. The amount of cash collateral authorized to be used during the time period from the Petition Date through January 19, 2016 (the "Interim Period") is not to exceed the amounts reflected in Paragraph 1 below.

G. Purposes. The Debtors are authorized, during the Interim Period, to use cash collateral in accordance with Paragraph 1 below as actual expenses of the Debtors necessary to (i) maintain and preserve their assets, (ii) continue operation of their business.

**IT IS HEREBY ORDERED** as follows:

1. Use of Cash Collateral. The Debtors are authorized, during the Interim Period to use the cash collateral for the following purposes:

   a. $260,000 for payroll (such payroll, the "Small Payroll", ordinarily payable on January 15, which shall not include payments to any insiders (as that term is defined in the Bankruptcy Code);
   b. $150,000 for payment of Critical Vendors: Kroger Logistics, Precise Logistics, and Universal Dynasty;
   c. $100,000 for fuel, tolls and necessary transportation fees or expenses;
   d. $6,250 for CRO (Ed Bond of Bederson)

Page: 5
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

2.  <u>Customer Payments.</u>  The Debtors' customers, including Forever 21, H&M, and Disney, are hereby authorized and directed not to make payment of their regular payables to PNC Bank, irrespective of the letters entitled "Notice of Payment Instructions" or any other letters, received from PNC Bank, National Association or others insofar as the Debtors' receivables are property of this chapter 11 bankruptcy estate and any effort of PNC Bank, National Association or others to obtain possession or control over property of the estate post-petition would constitute a violation of the automatic stay of 11 U.S.C. § 362.  Such payments should be made to the Debtors, not PNC Bank.  Nothing in this order is intended to nor shall it alter any rights as they exist today of any creditor or customer regarding setoff or offset of debts, claims or obligations and all such rights shall be reserved.

3.  <u>Adequate Protection.</u>  As adequate protection for use of cash collateral during the Interim Period, the Cash Collateral Secured Creditor is GRANTED:

a.  <u>Replacement Lien.</u> A replacement perfected security interest under section 361 of the Bankruptcy Code to the extent the Cash Collateral Secured Creditor's cash collateral is used by the Debtors and to the extent of any diminution in the value of the collateral, with the same priority in the Debtors post-petition collateral, and proceeds thereof, that the Cash Collateral Secured Creditor held in the Debtors pre-petition collateral, subject to quarterly fees pursuant to 28 U.S.C. § 1930.

b.  <u>Deemed Perfected.</u>  The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Cash Collateral Secured Creditor taking possession, filing financing statements, mortgages or other documents. Although not required, upon reasonable request by the Cash Collateral Secured Creditor, the Debtors shall execute and deliver to the Cash Collateral Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Cash Collateral Secured Creditor to be necessary in order to perfect the security interests and liens in the Debtors post- petition collateral and proceeds granted by this Order, and the Cash Collateral Secured Creditor is authorized to receive, file and record the foregoing at the Cash Collateral

Page: 6
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

Secured Creditor's own expense, which actions shall not be deemed a violation of the automatic stay.

c.  <u>Periodic Accountings.</u>  On January 18, 2016 and bi-weekly thereafter, the Debtors shall provide periodic accountings to the Cash Collateral Secured Creditor setting forth the cash receipts and disbursements made by the Debtors under this Order, through the preceding Sunday, together with such detail and underlying assumptions as may be reasonably requested by the Cash Collateral Secured Creditor.  Upon appointment of a Creditor's Committee, if any, the Debtors shall submit a copy of the periodic operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

d.  <u>Default Hearing.</u>  In the event Debtors default or violate this Order, the Cash Collateral Secured Creditor is entitled to request a hearing immediately.

4.  <u>Interlocutory Order and No Modification of Creditor's Adequate Protection.</u>  This is an interlocutory order.  Nothing contained herein shall be deemed or construed to (i) limit the Cash Collateral Secured Creditor to the relief granted herein; (ii) bar the Cash Collateral Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same; (iii) require the Cash Collateral Secured Creditor to consent to cash collateral or make any loans or advances to the Debtors; or (iv) be a waiver of any claim or defense held by the Debtors against the Cash Collateral Secured Creditor nor a waiver of any challenge by the Debtors to claims and/or liens asserted by the Cash Collateral Secured Creditor.  This Order may be modified for cause shown by the Debtors, the Cash Collateral Secured Creditor or any other party-in- interest on due notice. No such modification, however, shall deprive the Cash Collateral Secured Creditor of its interest in Debtors property (pre-petition and post-petition).  PNC reserves all rights and remedies with respect to Debtors' use of cash collateral after the Interim Period.

3260159

Page: 7
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

5. <u>Chief Restructuring Officer</u>. During the Interim Period, the CRO shall monitor the financial activities of the Debtors. No payment $5,000 or more (check or wire transfer) shall be made except upon the CROs prior approval, signed and (to the extent of wire or ACH transfers) initiated by the CRO. The exception is that prior CRO approval is not required, for practical reasons, with respect to the $100,000 fuel/transportation disbursements, and signature is not required for the payroll payments, but the CRO shall reconcile such payments daily.

**FURTHER INTERIM
HEARING ORDER**

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtors on or before the <u>19th</u> day January, 2016 at 12:00 p.m.  written objection and shall appear to advocate said objection at an Interim Hearing to be held on 19th day January, 2016, 1:00 p.m in Courtroom <u>3A</u> in the United States Bankruptcy Court, Newark, New Jersey.

**NOTICE OF ORDER**

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order by first class mail within one (1) business day from the date hereof, on upon (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) counsel for PNC Bank, National Association, c/o McCarter & English (Attn: Lisa Bonsall, Esq.), Four Gateway Center, 100 Mulberry St., Newark, NJ 07102; (iii) Secured Creditors; (iv) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-

3260159

Case 16-10615-SLM    Doc 18    Filed 01/14/16    Entered 01/14/16 19:19:35    Desc Main
Document    Page 8 of 8

Page: 8
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

5016 (overnight mail address); (v) the New Jersey Division of Taxation Compliance and Enforcement Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vi) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (vii) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (viii) the United States Attorney General, United States Department of Justice, Ben Franklin Station, P.O. Box 683, Washington, DC 20044; (ix) the Debtors' twenty largest unsecured creditors; and (x) those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 case pursuant to Fed. R. Bankr. P. 2002.

No payments are authorized except as set forth herein during the Interim Period.

The Debtors shall provide a list of employees receiving checks pursuant to Paragraph 1(a) (including a "payroll run" with names, titles, and payment amounts) by noon on January 15, 2016 to counsel for PNC.

The Debtors shall cooperate with PNC in its reasonable requests for information, and promptly provide such information as is reasonably requested and related to the continued Interim Cash Collateral hearing.

PNC reserves all rights.

3260159