| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1 |
| **PORZIO, BROMBERG & NEWMAN, P.C.** |
| 100 Southgate Parkway |
| P.O. Box 1997 |
| Morristown, New Jersey 07962 |
| (973) 538-4006 |
| (973) 538-5146 Facsimile |
| Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com) |
| Michael J. Naporano, Esq. (mjnaporano@pbnlaw.com) |
| Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com) |
| Rachel A. Parisi, Esq. (raparisi@pbnlaw.com) |
| *Proposed Counsel to Debtors* |

FILED
JAMES J. WALDRON, CLERK
JAN 20 2016
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

In Re:

E Z MAILING SERVICES INC., *et al.*,[1]

Debtors.

Judge: Stacey L. Meisel, U.S.B.J.

Case No.: 16-10615 (SLM)
(Jointly Administered)

Chapter 11

## SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

1/20/16    /s/ Stacey L. Meisel

---

[1] The Debtors in these Chapter 11 cases are (i) E Z Mailing Services, Inc. d/b/a E Z Worldwide Express and United Business Xpress, and (ii) United Business Freight Forwarders Limited Liability Company.

3260159

Page: 2
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

**THIS MATTER** having been opened by the above-captioned debtors-in-possession, E Z Mailing Services Inc., *et al.* (the "Debtors"), upon their Motion[2] for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001 and 11 U.S.C. §§ 361 and 363 of the Bankruptcy Code; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief granted herein is in the best interests of the Debtors' estates, creditors, and employees; (iv) adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby found:

A.  Notice and Hearing. Notice of the Motion and order shortening time pursuant to D.N.J. LBR 9013-5(f) and Rule 9006(c) of the Bankruptcy Rules for the preliminary hearing on the Debtors' use of cash collateral has been served in accordance with section 102(1) of the Bankruptcy Code and Rule 4001(b) of the Bankruptcy Rules, which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.  Chapter 11 Filed. The Debtors each filed their petition under chapter 11 of the Bankruptcy Code on January 13, 2016 (the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the memorandum of law filed in support of the Motion.

3260159

Page: 3
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

C. <u>Prepetition Debt</u>. PNC Bank, National Association (the "<u>Cash Collateral Secured Creditor</u>" or "<u>PNC Bank</u>") has asserted a secured claim against the Debtors in the approximate principal amount of $2,000,000.00 (the "<u>Pre-Petition Debt</u>") as of the Petition Date secured by a first priority lien on cash collateral. PNC Equipment Finance, LLC ("<u>PNC Equipment Finance</u>") has asserted a secured claim against the Debtors in the approximate amount of $2.25 million. The Debtors agree that the Cash Collateral Secured Creditor holds valid first priority liens in cash collateral and is over secured.

D. <u>Pre-Petition Collateral</u>. The Cash Collateral Secured Creditor was granted a security interest in substantially all of the Debtors' assets as described more particularly in the Motion. PNC Equipment Finance claims a security interest in and lien on certain vehicles and equipment, but not in the Debtors' receivables. The Debtors agree that PNC Equipment Finance holds a valid first priority lien on certain vehicles and equipment.

E. <u>Cash Collateral</u>. "Cash Collateral" as defined by section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) and as the term "proceeds" is described in UCC section 9-306. The Debtors' receivables represent cash collateral as defined in section 363(a) of the Bankruptcy Code.

F. <u>Necessity and Best Interest</u>. The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate their businesses in chapter 11. The Debtors require immediate authority to use cash collateral as defined herein in order to continue their business operations without interruption toward the objective of formulating an effective plan of

3260159

Page: 4
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

reorganization. The Debtors use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a final hearing. The amount of cash collateral authorized to be used during the time period from the Petition Date through February 14, 2016 (the "Interim Period") is not to exceed the amounts reflected in the Debtors' budget for the Interim Period, annexed hereto as **Exhibit A** (the "Cash Collateral Budget").

G. Purposes. The Debtors are authorized, during the Interim Period, to use cash collateral in accordance with the Cash Collateral Budget to meet the ordinary cash needs of the Debtors for the payment of actual expenses of the Debtors necessary to (i) maintain and preserve their assets, (ii) continue operation of their business, including payroll and payroll taxes, and insurance expenses as reflected in the Cash Collateral Budget, and (iii) pay quarterly fees pursuant to 28 U.S.C. § 1930.

The Court having determined that there is a reasonable likelihood that the relief is necessary as required by section 363(c)(3) of the Bankruptcy Code, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

1. PNC Agreement. The Debtors shall provide the following adequate protection to PNC: (i) PNC is authorized to set off all Debtor bank accounts maintained at PNC with positive balances and apply such funds to reduce the Overdraft amount to $211,090.86, (ii) the Debtors shall immediately and in any event no later than Noon on January 20, 2016 wire funds to PNC Bank in the amount of $211,090.86 to clear any existing Overdraft in their PNC Accounts, (iii) the Debtors shall continue to make regular payments to PNC Bank and PNC Equipment Finance (including the payment due on the LOC Loan that was due on 1/15, which was not paid and shall

3260159

Page: 5
Debtors:    E Z Mailing Services Inc., *et al*
Case No.:   16-10615
Caption:    SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

be paid immediately) on their prepetition debt pursuant to the terms and conditions in their respective loan documents with the Debtors during the Interim Period, (iv) the Debtors agree that PNC Bank and PNC Equipment Finance are each fully secured with respective first priority liens as set forth above (but creditors and the committee's rights are reserved to argue otherwise), (v) PNC Bank and PNC Equipment Finance reserve their rights to continue to investigate the Debtors during the Interim Period and seek any relief they deem appropriate, and (vi) the Debtors shall cooperate with the Cash Collateral Secured Creditor and promptly respond to reasonable requests for information and reasonable document demands.

2.  <u>Use of Cash Collateral</u>. The Debtors are authorized, during the Interim Period and in accordance with the Cash Collateral Budget attached hereto as **Exhibit A**, to use the cash collateral for the following purposes:

    a.  maintenance and preservation of their assets;
    b.  the continued operation of their business, including but not limited to payroll, payroll taxes, employee expenses, and insurance costs;
    c.  the purchase of supplies;
    d.  payments to the Cash Collateral Secured Creditor and PNC Equipment Finance;
    e.  other expenses reflected in the Cash Collateral Budget; and
    f.  quarterly United States Trustee fees pursuant to 28 U.S.C. § 1930.

3.  <u>Customer Payments.</u> The Debtors' customers, including Forever 21, H&M, and Disney, are hereby authorized to make payment of their regular payables to the Debtors, irrespective of the letters entitled "Notice of Payment Instructions" or any other letters, received from PNC Bank, National Association or others insofar as the Debtors' receivables are property of this chapter 11 bankruptcy estate and any effort of PNC Bank, National Association or others to obtain possession or control over property of the estate post-petition would constitute a violation

3260159

Page: 6
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

of the automatic stay of 11 U.S.C. § 362 and any such payments shall be made to the Debtors, not PNC Bank, National Association. Nothing in this order is intended to nor shall it alter any rights, as they exist today, of any creditor or customer, regarding recoupment, setoff or offset of debts, claims or obligations and all such rights shall be reserved.

4. <u>Committee Rights.</u> In the event a committee is appointed, the committee's rights (i) to seek a line item in the Cash Collateral Budget for its professionals fees and (ii) to challenge the liens and/or secured position of PNC Bank or PNC Equipment Finance, are fully reserved. All rights of PNC Bank and PNC Equipment Finance to object are fully preserved.

5. <u>Adequate Protection.</u> As adequate protection for use of cash collateral during the Interim Period, the Cash Collateral Secured Creditor is GRANTED:

   a. <u>Replacement Lien.</u> A replacement perfected security interest under section 361 of the Bankruptcy Code to the extent of any diminution in the value of the collateral, with first priority in the Debtors' post-petition cash collateral and proceeds thereof. The Cash Collateral Secured Creditor is hereby granted pursuant to sections 361 and 363 of the Bankruptcy Code a valid, choate, perfected enforceable and non-avoidable first priority security interest in and lien upon all cash collateral of each of the Debtors, and their respective individual estates, of any kind or nature whatsoever, whether now-existing, hereafter acquired or arising and all proceeds, rents, products, offspring or profits thereof. Such security interests and liens shall at all times be senior to the rights of the Debtors, any successor, trustees, examiners or responsible people in this or any subsequent proceedings under the Bankruptcy Code. If the adequate protection proves to be inadequate, then the Cash Collateral Secured Creditor's lien shall have priority over every other claim allowable on accounts receivable and proceeds thereof. The Cash Collateral Secured Creditor is also hereby granted a valid, choate, perfected, enforceable and non-avoidable first priority security interest in and lien upon all other assets and property of each of the Debtors, and all proceeds, rents, products, offspring and profits thereof; subject to the pre-existing prior perfected liens of other secured creditors on such assets to the extent of the diminution in value of the Cash Collateral Secured Creditor's secured claim.

3260159

Page: 7
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

b. <u>Deemed Perfected.</u> The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Cash Collateral Secured Creditor taking possession, filing financing statements, mortgages or other documents. Although not required, upon reasonable request by the Cash Collateral Secured Creditor, the Debtors shall execute and deliver to the Cash Collateral Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Cash Collateral Secured Creditor to be necessary in order to perfect the security interests and liens in the Debtors post-petition collateral and proceeds granted by this Order, and the Cash Collateral Secured Creditor is authorized to receive, file and record the foregoing at the Cash Collateral Secured Creditor's own expense, which actions shall not be deemed a violation of the automatic stay.

c. <u>Periodic Accountings.</u> On January 27, 2016 and weekly thereafter, the Debtors shall provide periodic accountings to the Cash Collateral Secured Creditor setting forth the cash receipts and disbursements made by the Debtors under this Order, through the preceding Sunday, together with such detail and underlying assumptions as may be reasonably requested by the Cash Collateral Secured Creditor including, without limitation, the following documents and information:

- Updated accounts receivable and accounts payable aging reports, in excel, each Wednesday with information current through the preceding Sunday;
- Updated daily cash ledgers, in excel, each Wednesday for prior week ended Sunday with the initial report to begin as of January 1, 2016 and end January 24, 2016;
- Payroll journals with the initial period to cover January 10, 2016 through January 23, 2016 for large payroll and January 9, 2016 through January 22, 2016 for small payroll;
- Accounts receivable and accounts payable general ledger detail, in excel, for prior week ended Sunday with the initial report to begin January 1, 2016 and end January 24, 2016.

The Debtors will also provide the Cash Collateral Secured Creditor, the following documents, on a periodic basis: (i) bank statements and reconciliations and underlying support, (ii) access to vendor invoices, credit card statements and underlying support, equipment loan documentation, and (iii) Debtor invoices.

3260159

Page: 8
Debtors: E Z Mailing Services Inc., *et al*
Case No.: 16-10615
Caption: SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

Upon appointment of a Creditor's Committee, if any, the Debtors shall submit a copy of the periodic operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

d. <u>Default Hearing.</u> In the event Debtors default or violate this Order, the Cash Collateral Secured Creditor is entitled to request a hearing within three (3) business days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 24 hours).

6. <u>Interlocutory Order and No Modification of Creditor's Adequate Protection.</u> This is an interlocutory order. Nothing contained herein shall be deemed or construed to (i) limit the Cash Collateral Secured Creditor to the relief granted herein; (ii) bar the Cash Collateral Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same; or (iii) require the Cash Collateral Secured Creditor to make any loans or advances to the Debtors. This Order may be modified for cause shown by the Debtors, the Cash Collateral Secured Creditor or any other party-in-interest on due notice. No such modification, however, shall deprive the Cash Collateral Secured Creditor of its interest in Debtors' property (pre-petition and post-petition) and the rights, liens and payments set forth herein.

7. <u>Chief Restructuring Officer.</u> During the Interim Period, the CRO shall monitor the financial activities of the Debtors. No payment of $5,000 or more (check or wire transfer) shall be made except upon the CRO's prior approval, signed and (to the extent of wire or ACH transfers) initiated by the CRO. The exception is that prior CRO approval is not required, for practical reasons, with respect to the fuel/transportation disbursements and signature is not required for the payroll payments. The CRO shall reconcile the fuel/transportation disbursements

3260159

Page: 9
Debtors:   E Z Mailing Services Inc., *et al*
Case No.:  16-10615
Caption:   SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

daily. The Debtors shall not sign any checks or authorize any payments or transfers without prior approval of the CRO.

## FINAL HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that on or before January 26, 2016, the Debtors shall file and serve their proposed budget for the use of cash collateral after the Interim Period (the "Proposed Budget") and any creditor or other interested party having any objection to the Proposed Budget or the entry of a Final Order shall file with the Clerk of this Court and serve upon counsel for the Debtors on or before the February 2, 2016 such written objection and shall appear to advocate said objection at a Final Hearing to be held on February 9, 2016 at 1:00 p.m. in Courtroom 3A in the United States Bankruptcy Court, Newark, New Jersey. In the event objections are neither filed nor advocated at such hearing, then this Order shall continue in full force and effect for the period covered by the Proposed Budget and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rule of Bankruptcy Procedure 4001(d)(3).

## NOTICE OF ORDER

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order by first class mail within one (1) business day from the date hereof, on (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) counsel for PNC Bank, National Association and PNC Equipment Finance, LLC, c/o McCarter & English (Attn: Lisa Bonsall, Esq.), Four Gateway Center, 100 Mulberry St., Newark, NJ 07102; (iii) Secured Creditors; (iv) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016 (overnight mail address); (v) the New Jersey Division of

3260159

Page: 10
Debtors:   E Z Mailing Services Inc., *et al*
Case No.:  16-10615
Caption:   SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

---

Taxation Compliance and Enforcement Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vi) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (vii) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (viii) the United States Attorney General, United States Department of Justice, Ben Franklin Station, P.O. Box 683, Washington, DC 20044; (ix) the Debtors' twenty largest unsecured creditors; and (x) those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 case pursuant to Fed. R. Bankr. P. 2002.

Case 16-10615-SLM    Doc 51    Filed 01/20/16    Entered 01/20/16 16:54:29    Desc Main
Document    Page 11 of 12

**EZ Mailing Services Inc.**
**4 Week Cash Flow Projection**
**Bankruptcy Case No.: 16-10615 (SLM)**

| | Actual 1 W/E 01/17/16 | PROJ. 1 W/E 01/24/16 | PROJ. 2 W/E 01/31/16 | PROJ. 3 W/E 02/07/16 | Proj. 4 W/E 02/14/16 | PROJ. Total 4 weeks ending 02/14/16 |
|---|---|---|---|---|---|---|
| **Cash Receipts:** | | | | | | |
| AR Collections | $ 1,174,161 | $ 1,168,000 | $ 1,113,000 | $ 1,008,000 | $ 995,000 | $ 4,284,000 |
| **Disbursements:** | | | | | | |
| **Cost of Operations:** | | | | | | |
| Freight | 149,737 | 165,000 | 250,000 | 250,000 | 260,000 | 925,000 |
| Payroll and payroll taxes | 265,248 | 465,000 | 270,000 | 465,000 | 270,000 | 1,470,000 |
| Additional Pre-Petiton Wages | | 100,000 | | | | 100,000 |
| Contract Labor | 2,100 | 55,000 | 55,000 | 65,000 | 50,000 | 225,000 |
| Rent | 0 | 135,000 | | 100,000 | 157,400 | 392,400 |
| Fuel | 269,938 | 100,000 | 100,000 | 100,000 | 100,000 | 400,000 |
| CRO Contract | 6,250 | 6,250 | 6,250 | 6,250 | 6,250 | 25,000 |
| Custom Clearance | | | 8,000 | | 8,000 | 16,000 |
| Truck Repairs | | 22,500 | 20,000 | 20,000 | 20,000 | 82,500 |
| Other Repairs and Maintenance | | | 5,000 | | 5,000 | 10,000 |
| Parking Tolls et al | | 60,000 | | 60,000 | | 120,000 |
| Uniforms and Supplies | | | 28,500 | | | 28,500 |
| Bank fees/Other | 3,875 | 30,000 | 22,000 | 22,000 | 22,000 | 96,000 |
| Consulting | | 25,000 | 25,000 | 25,000 | | 75,000 |
| Health and Life Insurance | | 27,000 | | | | 27,000 |
| Insurance | | 20,000 | | | | 20,000 |
| Office Expense | 700 | | 34,500 | | 20,000 | 54,500 |
| Telephone | | | 15,000 | | 15,000 | 30,000 |
| Utilities | | 30,000 | | 25,000 | | 55,000 |
| Office Equipment Leases | | | 1,000 | | 1,000 | 2,000 |
| Equipment Financing | 44,232 | | | 10,000 | | 10,000 |
| Advertising and commissions | 553 | | 1,000 | | 1,000 | 2,000 |
| Travel | | 2,500 | 2,500 | 2,500 | 2,500 | 10,000 |
| Field Depot Cash | | 213,000 | | | | 213,000 |
| Cure Overdraft | | 33,650 | 68,544 | 19,750 | | 121,944 |
| Debt Service - PNC | | 20,755 | | | | 20,755 |
| Utility Deposit | | 25,000 | 25,000 | 25,000 | 25,000 | 100,000 |
| Debtor Professional Fees | | | | | | |
| **Total cash disbursements** | 742,633 | 1,535,655 | 937,294 | 1,195,500 | 963,150 | 4,631,599 |
| Net cash flow | 431,528 | (367,655) | 175,706 | (187,500) | 31,850 | (347,599) |
| Cash, beginning of period | (8,789) | 422,739 | 55,084 | 230,790 | 43,290 | 422,739 |
| Cash, end of period | $ 422,739 | $ 55,084 | $ 230,790 | $ 43,290 | $ 75,140 | $ 75,140 |

**EZ Mailing Services Inc.**
**4 Week Cash Flow Projection**
**Bankruptcy Case No.: 16-10615 (SLM)**

**Footnotes:**

Actual disbursements for any individual expense category may be over the budgeted amount by up to 10% so long as the overall expenditures remain within budgeted projections.

Timing of disbursements may vary from week to week provided PNC is notified in advance of said timing differences so long as overall expenditures within the 4 week period remain within budgeted projections.

Debtor professional fees shall be paid each week into a designated account and later released to professionals following notice, opportunity to object, and court approval. All rights are reserved for Committee professionals as well as additional Debtor professional fees, and for the Committee professionals to argue that they are entitled to a percentage of fees in the designated account, subject to Court Approval.

PNC reserves all rights to object to professional fees.

The approved Critical Vendor's will continue to get paid in normal terms. The freight category expenses in the W/E 1/24 represent payments to the Critical Vendors and $40,000 for deposits for other freight carriers.