| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** |
| **PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin Jr., Esq. wjmartin@pbnlaw.com<br>Michael J. Naporano, Esq. mjnaporano@pbnlaw.com<br>Kelly D. Curtin, Esq. kdcurtin@pbnlaw.com<br>Rachel A. Parisi, Esq. raparisi@pbnlaw.com<br><br>*Proposed Counsel to Debtors* |

| | |
|---|---|
| In Re:<br><br>E Z MAILING SERVICES INC., *et al.*,[1]<br><br>        Debtors. | Case No.: 16-10615 (SLM)<br><br>(Jointly Administered)<br><br>Chapter: 11<br><br>Judge: Hon. Stacey L. Meisel<br><br>**Hearing Date and Time:**<br>**February 23, 2016, at 10:00 a.m.** |

**DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONALS**

E Z Mailing Services Inc., *et al.* (the "Debtors"), by and through their proposed undersigned counsel, hereby submit this application in support of the motion (the "Motion") for entry of an Administrative Fee Order Establishing Procedures For Allowance and Payment of Interim Compensation and Reimbursement of Expenses to Professionals.  In support of the Motion, the Debtors rely upon the Affidavit Of Ajay Aggarwal In Support Of Debtors' Chapter

---

[1] The Debtors in these chapter 11 cases are (i) E Z Mailing Services, Inc. d/b/a E Z Worldwide Express and United Business Xpress, and (ii) United Business Freight Forwarders Limited Liability Company.

3286053

11 Petition And First Day Motions (the "First Day Affidavit"), filed on January 13, 2016 [Docket No. 10], and respectfully state as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016-3 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

4. On January 13, 2016, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases"), in the United States Bankruptcy Court for the District of New Jersey (the "Court").

5. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

6. A detailed description of the Debtors' businesses and the facts surrounding the commencement of the chapter 11 cases is set forth in the First Day Affidavit, which is incorporated herein by reference.

3286053

**RELIEF REQUESTED AND BASIS THEREFOR**

7.	Section 331 of the Bankruptcy Code authorizes professional persons to submit applications for interim compensation and reimbursement of expenses every one hundred and twenty (120) days "or more often, if the Court permits." 11 U.S.C. § 331. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

8.	In accordance with the Guidelines Governing Procedures For Payment of Interim Compensation and Reimbursement of Expenses to Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331, as adopted by the United States Bankruptcy Court for the District of New Jersey by General Order, dated November 25, 2009 (the "Guidelines"), the Debtors seek the entry of an order authorizing an orderly, regular process for allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals retained by the Debtors or any official committee that may be appointed in this case (individually, a "Professional," and collectively, the "Professionals") and who are required to file applications with the Court for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 331.

9.	The Debtors submit that the proposed procedure for compensating and reimbursing the Professionals, which is consistent and complies with the Guidelines, will enable the Court and all parties-in-interest to monitor professional fees and costs incurred more effectively and on a more current basis.

10.	The proposed procedure is as follows:

    a)	Monthly Fee Statement

        1)	Not later than the 25th day of the month following the month for which compensation is sought, a professional person seeking

3

    compensation under an administrative fee order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the court, a monthly fee and expense statement on the following parties:

    (A) the officer designated by the Debtors as responsible for such matters;
    (B) the Debtors;
    (C) any official committee;
    (D) the United States trustee;
    (E) any secured creditor;
    (F) any post-petition lender;
    (G) any party requesting notice of all proceedings; and
    (H) any other party designated by the Court.

  2) A monthly fee statement must comply with D.N.J. LBR 2016-1(a).

 b) <u>Objection to Monthly Fee Statement</u>

An objection to a monthly fee statement must be filed and served on the professional person and the parties listed in subdivision (a)(1) not later than 14 days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operation reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

 c) <u>Payment</u>

  1) On the expiration of the objection deadline under subdivision (b), a Professional may file and serve on the parties listed in subdivision (a)(1) Local Form *Certification of No Objection or Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. The Professional may seek authorization as part of the next interim or final fee application to receive the remaining 20% of fees not subject to an objection.

  2) If the parties resolve an objection and if the Professional files and serves on the parties listed in subdivision (a)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (c)(1) that portion of the monthly fee statement which is no longer subject to an objection.

3286053

  3) If the parties are unable to reach a resolution of the objection not later than 14 days after the deadline for filing an objection under subdivision (b), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the court.

 d) <u>Fee Application</u>

  1) A Professional who has received monthly payments under the administrative fee order must, at four month intervals or such other intervals directed by the Court, file and serve on the parties listed in subdivision (a)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period.

  2) The interim fee application must include a summary of the monthly fee statements that are the subject of the request and any other information requested by the Court.

11. It is respectfully submitted that the procedures suggested herein will enable the Debtors to closely monitor the costs of administration and effectively implement cash management procedures. Moreover, these procedures will enable the Court and key parties-in-interest to ensure the reasonableness of the compensation and reimbursement sought pursuant to such procedures on a more regular basis.

## **NOTICE**

12. Notice of the Motion has been provided to: (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) counsel for PNC Bank, National Association, c/o McCarter & English (Attn: Lisa Bonsall, Esq.), Four Gateway Center, 100 Mulberry St., Newark, NJ 07102; (iii) Secured Creditors; (iv) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-

5016 (overnight mail address); (v) the New Jersey Division of Taxation Compliance and Enforcement Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vi) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (vii) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (viii) the United States Attorney General, United States Department of Justice, Ben Franklin Station, P.O. Box 683, Washington, DC 20044; (ix) the Debtors' twenty largest unsecured creditors; and (x) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully requests that the Court (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated: January 28, 2016  			Respectfully submitted,

                                          **PORZIO, BROMBERG & NEWMAN, P.C.**
			*Proposed Counsel to the Debtors*

			By: */s/ Warren J. Martin Jr.*
			      Warren J. Martin Jr.